UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CLIFFORD J. CULGAN, <u>et al.</u>, | ) | CASE NO. 1:06 CV 2661 |
| | ) | |
| Plaintiffs, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| NEIL HASSINGER, <u>et al.</u>, | ) | <u>AND ORDER</u> |
| | ) | |
| Defendants. | ) | |

On November 2, 2006, <u>pro se</u> plaintiff Clifford J. Culgan filed this action under 42 U.S.C. §§ 1981, 1983 and 1985 on behalf of himself, his wife Rebecca L. Culgan, and his child Caitlin R. Culgan against Medina County Sheriff Neil Hassinger, John Doe Medina County Sheriff Deputies, the Medina County Sheriff's Department, Third Federal Savings and Loan Association of Cleveland ("Third Federal"), John Doe Employees of Third Federal, Michael J. Linden, Bank One, NA ("Bank One"), John Doe Employees of Bank One, Robert Olender, the law firm of Strachan, Miller, Olender & Roessler, Co, LPA, Donald K. Swartz, the law firm of Lerner, Sampson & Rothfuss, John Doe Moving Company #1, John Doe employees of John Doe Moving Company #1, John Doe Moving Company #2, and John Doe Employees of John Doe Moving Company #2. The complaint contains claims for violations of the Fourteenth Amendment in connection with a state court action that resulted in an eviction. Monetary damages are requested

as relief.

**Background**

The complaint in this action contains very little factual information. It is composed almost entirely of legal argument. It appears that Mr. Culgan was the defendant in a foreclosure action filed in the Medina County Court of Common Pleas, entitled Third Federal Savings and Loan Association of Cleveland v. Clifford J. Culgan, Case No. 00 CV 0130. As part of this action, a "praecipe for writ of possession" was issued by the court which authorized the eviction of the Culgans from their home. The plaintiffs claim that judgment awarded to Third Federal was invalid because Mr. Culgan had never been properly served with process and therefore the eviction subsequent to the judgment was in violation of the Fourteenth Amendment of the United States Constitution.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

dismissed pursuant to §1915(e).

As an initial matter, Mr. Culgan cannot file a <u>pro se</u> pleading representing his wife and child. In general, a party may plead and conduct his or her case in person or through a licensed attorney. <u>See</u> 28 U.S.C. § 1654; <u>Eagle Associates v. Bank of Montreal</u>, 926 F.2d 1305, 1308 (2d Cir. 1991).[2] An adult litigant who wishes to proceed <u>pro se</u> must personally sign the complaint to invoke this court's jurisdiction. <u>See</u> 28 U.S.C. § 1654; <u>Steelman v. Thomas</u>, No. 87-6260, 1988 WL 54071 (6th Cir. May 26, 1988). A minor child must appear through counsel and cannot be represented by a non-attorney, even if the non-attorney is the child's parent. <u>Meeker v. Kercher</u>, 782 F.2d 153, 154 (10th Cir. 1986); <u>Lawson v. Edwardsburg Public School</u>, 751 F.Supp. 1257 (W.D. Mich. 1990). Only Mr.Culgan's signature appears on the pleading. There is no indication that Mr. Culgan is a licensed attorney authorized to represent the remaining plaintiffs. Consequently, the only claims properly before this court are those of Clifford J. Culgan. This court will address only those claims.

The seven causes of action asserted by Mr. Culgan are all based on his assertion that the judgment of the Medina County Court of Common Pleas is invalid. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. <u>See</u> <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 483 n. 16 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States

---

[2] 28 U.S.C. § 1654 provides:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as by the rules of such courts, respectively, are permitted to manage and conduct cases therein.

Supreme Court, by appeal or by writ of certiorari. Id. Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. Lavrack v. City of Oak Park, No. 98-1142, 1999 WL 801562 at *2 (6th Cir. Sept. 28, 1999); see also Valenti v. Mitchell, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. Catz v. Chalker, 142 F.3d 279, 293 (6th Cir. 1998); see Tropf v. Fidelity National Title Insurance Co., 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." Catz, 142 F.3d at 293. Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. Id.; Tropf, 289 F.3d at 937. The Rooker-Feldman doctrine is implicated when the party unsuccessful in state court proceedings files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself.

In the present action, Mr. Culgan appears to directly attack the state court's decision

to evict him from his property. All of the allegations in his cause of action concern specific grievances that the law was incorrectly applied to his case, and are clearly predicated on his belief that the state court was mistaken in rendering its decision against him. Moreover, he asserts that the state judgment itself caused his injury and asks that it be declared unconstitutional. Any review of the constitutional claims asserted in this context would require the court to review the specific issues addressed in the state court proceedings against him. This court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. Feldman, 460 U.S. at 483-84 n. 16; Catz, 142 F.3d at 293.

Furthermore, even if Mr. Culgan is merely attempting to relitigate the foreclosure and eviction in this court, is he barred from doing so. A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; Dubuc v. Green Oak Township, 312 F.3d 736, 744 (6th Cir. 2002). Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or might have been litigated in the first lawsuit. National Amusement, Inc. v. Springdale, 53 Ohio St. 3d 60, 62 (1990). The doctrine of res judicata requires a party to present every ground for relief or defense in the first action, or forever be barred from asserting it. Id. The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. Allen v. McCurry, 449 U.S. 90, 94 (1980). The Ohio courts have already determined the status of the property which belonged to Mr. Culgan. Those issues cannot be litigated for a second time in federal court. This court is bound to give full faith and credit to the decision of the Medina County Court of Common Pleas.

Finally, to the extent that Mr. Culgan is attempting to pursue some other type of claim, his case must be dismissed. Principles requiring generous construction of pro se pleadings

are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). The pleading is constructed almost entirely of legal rhetoric. It is virtually devoid of factual allegations. Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see also, Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory section 1983 claim dismissed).

## **Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 1/26/07

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.